IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KRISTAL L. NAPPER, Individually and as Next Friend of K.N., a Minor Child,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.; and THE ESTATE OF CLARK P. LANNOYE, DECEASED,<br><br>Defendants. | § § § § § § § § § § § § § § | EP-13-CV-307-PRM<br><br>JURY |

ORDER APPROVING SETTLEMENT AND
AGREED FINAL JUDGMENT

On May 14, 2014, the Court heard the claims of Kristal Napper, Individually and as Next Friend of K.N., a Minor Child, against Defendant Electrolux Home Products, Inc. ("Electrolux") and Defendant The Estate of Clark P. Lannoye, Deceased ("Lannoye") (collectively "Defendants"), for a final adjudication as to all claims against all Defendants.

1.  All parties to this Order Approving Settlement and Agreed Final Judgment (the "Judgment") and the Guardian Ad Litem for the Minor Plaintiff, Felix Valenzuela, appeared, announced ready for trial, waived a trial by jury, and announced to the Court a settlement, subject to the Court's approval, that would fully and finally resolve all claims, demands, and causes of action that have been or could have been brought in this case by Kristal Napper and the Minor Plaintiff against Defendants, including all claims for

injuries and damages received by Kristal Napper and the Minor Plaintiff that have been brought or could have been brought against Defendants because of the incident made the basis of this lawsuit.

2. The parties announced the settlement was made on disputed claims, Defendants having denied any and all liability to Kristal Napper and the Minor Plaintiff. The parties requested from the Court a final judgment that Kristal Napper, Individually and as Next Friend of K.N., a Minor Child, take nothing from Defendants.

3. The Court also heard evidence concerning the reasonableness of the settlement between the Minor Plaintiff and Defendants, including the facts of the incident, any fault of the parties, the alleged injuries and damages sustained by Kristal Napper and the Minor Plaintiff, and all other evidence deemed by the Court necessary to make a determination of the fairness of the settlement between the Minor Plaintiff and Defendants.  The Court then decided the liability of Defendants is uncertain; the settlement between Defendants and the Minor Plaintiff is fair and in the best interest of the Minor Plaintiff; the settlement encompasses all claims, demands, and causes of action of Kristal Napper and the Minor Plaintiff against Defendants, for all existing or future, actual or potential, or as yet unrecognized claims, demands, and causes of action against Defendants arising from the incident giving rise to this suit.  The Court decided the settlement between the Minor Plaintiff and Defendants should be approved.  The Court now approves the settlement being entered into by and on behalf of the Minor Plaintiff and Defendants.

4. The parties have agreed the settlement amounts, terms and conditions are confidential. Therefore, the amounts paid by or on behalf of Defendants are not recited in this final judgment, although the amounts have been fully described to and reviewed by the Court and the Guardian Ad Litem for the Minor Plaintiff and are stated in the Confidential Full and Final Release and Indemnity Agreement entered into between the parties. The Court found the amount of monetary consideration paid by or on behalf of Defendants to Kristal Napper and the Minor Plaintiff, and the apportionment of the consideration among Kristal Napper, the Minor Plaintiff and their counsel, are not matters that have a probable adverse effect upon the general public health or safety, the administration of public office or the operation of government. The terms and conditions of the Confidential Full and Final Release and Indemnity Agreement, including the amounts to be paid to the Minor Plaintiff by or on behalf of Defendants, are expressly approved by the Court and the Guardian Ad Litem for the Minor Plaintiff and incorporated in this Judgment by reference, but not attached in order to preserve their confidentiality.

**IT IS ORDERED, ADJUDGED and DECREED** that Kristal Napper, Individually and as Next Friend of K.N., a Minor Child, **TAKE NOTHING** by reason of this suit against Defendants Electrolux and Lannoye, and taxable costs of court shall be paid by the party incurring same.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the Minor Plaintiff shall recover the settlement sums from Defendants and the Periodic Payments to be funded by or on behalf of Electrolux, described in the Confidential Full

and Final Release and Indemnity Agreement, free and clear of all costs, expenses, and attorney's fees.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that counsel for Kristal Napper, Individually and as Next Friend of K.N., a Minor Child, hold the Lump Sum Payment in trust until counsel for Kristal Napper, Individually and as Next Friend of K.N., a Minor Child, has provided to counsel for Electrolux letters, from any entity asserting a lien/interest on the Settlement Amount, setting forth the amount each such entity will accept in satisfaction of its respective lien/interest.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the obligation to make Periodic Payments described above may be assigned to BHG Structured Settlements, Inc. and funded by an annuity contract issued by Berkshire Hathaway Life Insurance Company of Nebraska, rated A++XV by A.M. Best Company, and AA+ by Standard and Poor's.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that the rights to receive Periodic Payments granted to the Minor Plaintiff in this Judgment may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, Sections 141.001 *et seq.* of the Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation,

pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this Judgment.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this Judgment shall be considered fully satisfied and discharged as to all Defendants once the Initial Payments recited in the Confidential Full and Final Release and Indemnity Agreement have been fully paid by or on behalf of Defendants, and there has been a purchase of the requisite annuity policy by or on behalf of Electrolux or the Assignee to provide for the Periodic Payments for the benefit of the Minor Plaintiff required under this Judgment, and a qualified assignment has been executed as to the obligations to make such Periodic Payments.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Defendants Electrolux and Lannoye are fully relieved and discharged from any and all liability for the incident made the basis of this lawsuit.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that any and all claims, cross-claims and/or third-party claims for contribution that have been asserted or that may be asserted against Defendants Electrolux and Lannoye are hereby dismissed with prejudice in their entirety.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Kristal Napper and the Minor Plaintiff are denied all relief against Defendants Electrolux and Lannoye not expressly granted by this Judgment, whether the relief was requested or whether it could have been requested in this lawsuit.

**IT IS FURTHER ORDERED** that Guardian Ad Litem for the Minor Plaintiff, Felix Valenzuela, shall be paid the total sum of $8000.00 for his services rendered for the Minor Plaintiff relating to the settlement between Kristal Napper, the Minor Plaintiff, and Defendants in this matter. The Court finds Felix Valenzuela has fulfilled his duties as Guardian Ad Litem in connection with this matter.

Signed on this 14 day of May, 2014.

_____
UNITED STATES DISTRICT JUDGE

Agreed as to form:

By: _____
Evelina Ortega
State Bar No. 15322600
521 Texas Avenue
El Paso, Texas 79901-1447
Telephone: (915) 542-4222
Telecopier: (915) 545-2295
eortega521@aol.com

And

   Abelardo P. Bernal
    State Bar No. 02208680
521 Texas Avenue
El Paso, Texas 79901-1447
Telephone: (915) 532-3446
Telecopier: (915) 545-2295
abernal711@aol.com

**COUNSEL FOR PLAINTIFF**

By: _____
David R. Tippetts
State Bar No. 20065250
Ben T. Zinnecker
State Bar No. 24066504
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, Texas 77063
Telephone: (713) 244-0800
Facsimile: (713) 244-0801
david.tippetts@wtllaw.com
ben.zinnecker@wtllaw.com

And

Jeff Ray
State Bar No. 16604400
RAY, MCCHRISTIAN & JEANS, P.C.
A Professional Corporation
5822 Cromo Drive
El Paso, Texas 79912
jray@rmjfirm.com

**COUNSEL FOR DEFENDANT ELECTROLUX HOME PRODUCTS, INC.**

4820-6624-6939, v. 4